REVERSE and REMAND; Opinion Filed March 1, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01668-CV

## CONTINENTAL FOODS, INC., Appellant
### V.
## ROSSMORE ENTERPRISES, Appellee

On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court Cause No. 11-05580

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Murphy
Opinion by Justice O'Neill

Appellant Continental Foods, Inc. appeals the trial court's grating of summary judgment in favor of appellee Rossmore Enterprises. In two issues, Continental Foods complains genuine issues of material fact exist regarding breach of a lease and collateral estoppel does not bar its claim. We reverse and remand for further proceedings. The background facts of this case are well-known to both parties; therefore, we only include the facts necessary to disposition of this appeal. TEX. R. APP. P. 47.7.

Continental Foods, Inc. originally filed an inverse condemnation suit against the State of Texas after the State acquired property for a highway expansion and appellant received no compensation for its perceived loss of a real property interest under a Master Lease and sublease. The trial court granted the State's plea to the jurisdiction and we affirmed. *See Continental Foods, Inc. v. State of Texas*, 05-09-01249, 2011 WL 258999, at *1 (Tex. App.—Dallas Jan. 27,

2011, no pet.) (mem. op.). In our opinion, we stated "The termination language of the Master Lease and sublease makes it clear the intent of the parties was that in the event of condemnation, the leasehold interest would be extinguished," and concluded "the Master Lease and sublease terminated upon condemnation," leaving appellant with no compensable interest to protect. Appellant subsequently filed a breach of contract and declaratory action suit against appellee.[1] *Id.* at *3–4.

In its petition, appellant asserted appellee breached the Master Lease (a) by not requiring the State to proceed through a Special Commissioner's hearing so that appellant could present its case to receive an allocation of the award to the landowner, which survived under the Master Lease; or alternatively, it breached the lease (b) by not tendering to appellant its share of the condemnation proceeds to which it is entitled under the Master Lease. Appellee filed a motion for summary judgment arguing that collateral estoppel barred appellant's claim because whether appellant had a right to any condemnation proceeds had already been decided against it in our prior opinion. The trial court agreed and granted appellee's motion for summary judgment. This appeal followed.

The standard for reviewing a traditional summary judgment is well-established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166(a)(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to

---

[1] Rossmore Enterprises was the fee simple owner of the property at issue in the condemnation proceedings and successor in interest to the parties who originally entered into the Master Lease, which allowed Denny's to sublease the Property to appellant.

2

prevail is established as a matter of law. *Mira Mar Dev. Corp. v. City of Coppell*, 364 S.W.3d 366, 374 (Tex. App.—Dallas 2012, pet. filed).

As noted above, appellant argued in its petition two separate ways in which appellee allegedly breached the contract. Appellant alleges appellee's breached the Master Lease by not requiring the State to proceed through a Special Commissioner's hearing. It contends this breach affected the rights and obligations of the parties *before* the Master Lease and sublease terminated because of condemnation.

Nothing in our prior opinion determined the parties' obligations under the Master Lease before condemnation. Rather, this Court determined only that appellant had no compensable interest to protect once the Master Lease and sublease terminated upon condemnation. *Continental Foods, Inc.*, 2011 WL 258999, at *3–4. Accordingly, collateral estoppel does not bar appellant's breach of contract claim because this issue has not been previously litigated. *See, e.g., MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 353 S.W.3d 808, 817 (Tex. App.—Dallas 2012, no pet.) (noting that to assert the affirmative defense of collateral estoppel a party must first establish the facts sought to be litigated in the second action were fully and fairly litigated in the first action).

Having determined appellant's petition alleges a breach of contract prior to the condemnation and appellee did not challenge the breach, the time when it occurred, or the damages flowing from the alleged breach but relied only on the affirmative defense of collateral estoppel in its response, we conclude appellee failed to establish it is entitled to judgment as a matter of law.[2] Further, in reaching this conclusion, we need not address appellee's cross-point

---

[2] Appellee filed a post-submission brief in which he argued it did not breach the Master Lease and appellant incurred $0 damages. However, these arguments were never presented to the trial court as a basis for defeating summary judgment, and we may not consider them. TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal.").

in which he argues the trial court erred by failing to award him reasonable and necessary attorney's fees.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

MICHAEL J. O'NEILL
JUSTICE

111668F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CONTINENTAL FOODS, INC., Appellant

No. 05-11-01668-CV     V.

ROSSMORE ENTERPRISES, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-05580.
Opinion delivered by Justice O'Neill,
Justices Moseley and Murphy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED and REMANDED** for further proceedings.

It is **ORDERED** that appellant CONTINENTAL FOODS, INC. recover its costs of this appeal from appellee ROSSMORE ENTERPRISES.

Judgment entered this 1st day of March, 2013.

Michael J. O'Neill
Justice